UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GRAEME J. LITT and
DEIRDRE A. LITT,

                          Plaintiffs,

v.                                        Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,        **JURY TRIAL DEMANDED**

                          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Graeme J. Litt is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Deirdre A. Litt is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3). Deirdre Litt is the mother of Plaintiff Graeme Litt.

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff Graeme J. Litt incurred a credit card debt to Capital One. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff Graeme J. Litt thereafter defaulted on the subject debt.

13. That upon information and belief, Defendant NCO was employed by Capital One to collect the subject debt.

14. That beginning in or about August of 2007, Defendant NCO began calling the Plaintiffs' home telephone up to eight (8) times per day in an attempt to collect the subject debt.

15. That many of the aforesaid telephone calls were made on weekends and many other telephone calls were made prior to 8:00 a.m. in the morning.

16. That on August 22, 2007, Plaintiff Graeme J. Litt answered one of the aforesaid telephone calls and spoke with Defendant NCO regarding payment of the subject debt. During said telephone conversation, Defendant demanded payment of the subject debt in full and threatened Plaintiff that if payments were not made on his account by the end of the month, Defendant would pursue legal action.

17. That as a result of said threat, Plaintiff Graeme J. Litt requested his mother, Plaintiff Deirdre A. Litt, to pick up the telephone and speak with Defendant. The result of said discussion was that Plaintiff Deirdre A. Litt agreed to pay $600.00 to satisfy the subject debt "in full." Defendant thereafter requested and obtained Plaintiff Deirdre A. Litt's bank account information over the telephone, reiterated that the amount would satisfy the account balance "in full," and stated that Defendant would send a letter to Plaintiff Graeme J. Litt confirming the terms of their agreement.

18. That despite Defendant NCO's representation to Graeme J. Litt that Defendant would file a pursue legal action against him if he did not make payments on his account before the end of the month, Defendant NCO lacked both the authority and the intent to file a lawsuit against Plaintiff Graeme J. Litt.

19. That despite Defendant's representations to the Plaintiffs, no letter confirming the terms of their settlement agreement was ever sent by Defendant, though Plaintiff Deirdre A. Litt's payment was deposited by Defendant NCO.

20. That in or about November of 2007, Plaintiff Graeme J. Litt received a billing statement from Capital One. Said statement reflected a balance of approximately $240.00.

21. That upon receiving the aforementioned billing statement, Plaintiff Graeme J. Litt contacted Defendant NCO on multiple occasions to request that they notify Capital One that Plaintiffs previously settled the subject debt. During each of these calls, Defendant NCO denied entering into an agreement for settlement of the subject debt in full.

22. That as a result of Defendant's actions, Plaintiff Graeme J. Litt and Plaintiff Deirdre A. Litt became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(1) by repeatedly calling the Plaintiffs by telephone at times that should have been known to be inconvenient, by calling Plaintiffs prior to 8:00 a.m. in the morning and weekends as well.

    B. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2) and 15 U.S.C. §1692f by engaging in conduct the natural consequence of which was to abuse Plaintiffs, by offering to accept a payment from Plaintiffs for satisfaction of the subject debt in full without honoring the terms of that agreement, by using language the natural consequence of which was to abuse Plaintiff Graeme Litt by threatening to file a lawsuit against Plaintiff Graeme J. Litt if payments were not made by the end of the month.

    C. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass, oppress, or abuse any person in the collection of a debt, by repeatedly and continuously causing each of the Plaintiffs' telephones to ring with the intent to annoy, abuse, or harass the persons at the called number.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the subject debt, by falsely representing to Plaintiffs that the $600.00 payment would be documented and reported as a payment of the subject debt "in full" and by falsely representing to Plaintiff Graeme J. Litt that a lawsuit would be filed against him if payments were not made before the end of the month.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs each became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs Graeme J. Litt and Deirdre A. Litt respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Dated: July 15, 2008

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiffs Graeme J. Litt and Deirdre A. Litt each affirm that the following statements are true and correct under penalties of perjury:

I am a Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: July 15, 2008

/s/ Graeme J. Litt
Graeme J. Litt

/s/ Deirdre A. Litt
Deirdre A. Litt